# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FELICIA JANICE WEATHERALL,

        Plaintiff,

        v.                                       Case No. 20-CV-135

APTAR MUKWONAGO,

        Defendant.

# ORDER

Plaintiff Felicia Weatherall has filed this lawsuit against her former employer, defendant Aptar Mukwonago, alleging race discrimination. Currently pending before the court are her Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) and motion to appoint counsel (ECF No. 4).

**1. Request to Proceed in District Court Without Prepaying the Filing Fee**

Having reviewed Weatherall's request, the court concludes that she lacks the financial resources to prepay the fees and costs associated with this action. Therefore, the Request to Proceed in District Court without Prepaying the Filing Fee will be granted. However, because the court is granting Weatherall's Request to Proceed in District Court

without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimum standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept

2

without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, __F.3d__, 2020 WL 240447 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the

3

defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in Weatherall's complaint (ECF No. 1). In her complaint Weatherall states, "There was more then 12 employees judging me of my race and treated me badly while I was working at Aptar." (ECF No. 1 at 2 (reprinted as original).) She also alleges "[she] was called a stupid black nigga" (*id.*) and "[n]o one else got treated the way [she] did in the workplace" (*id.* at 3). And she alleges that, even after she finished training, someone still followed her around at work and that she did had to do a lot of work alone. (*Id.*) Weatherall requests "an award of money due to fear of working in a job place like this again." (*Id.* at 4.) She also asserts, "I'm dealing w/ anxiety a depression because I never been in a work place this toxic before." (*Id.* (reprinted as original).) Although not alleged in her complaint, in her motion for leave to proceed without prepayment of the

4

filing fee Weatherall stated that she is currently unemployed. (ECF No. 2.) However, Weatherall does not allege how she came to be unemployed.

On the standard complaint form, section "C. Jurisdiction" asks whether the plaintiff is "suing for a violation of federal law under 28 U.S.C. § 1331" or "suing under state law" with diverse parties and asks for "the amount of money at stake in this case." (ECF No. 1 at 4.) Weatherall placed an "X" in both boxes. Her initials are written next to the "X" by the federal law box. But Weatherall also wrote in a dollar amount for "the amount of money at stake in this case" under the state law category. Accordingly, it is not clear to the court under which law Weatherall intends to bring her suit.

Liberally construing Weatherall's complaint, as the court must all pleadings of non-attorneys, the court determines that Weatherall is attempting to state a claim for race discrimination under a federal employment discrimination law, like Title VII of the Civil Rights Act of 1964. Before filing a lawsuit alleging racial or sex discrimination, a plaintiff generally must have first filed a timely charge with the Equal Employment Opportunities Commission (EEOC). *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832, 836 (7th Cir. 2008); *Volovsek v. Wis. Dep't of Agric., Trade, & Consumer Prot.*, 344 F.3d 680, 687 (7th Cir. 2003). "Such a charge must be filed within 300 days after the alleged unlawful employment practice occurred or else the employee may not challenge the practice in court." *Chaudhry*, 546 F.3d at 836. After receiving a notice of right to sue letter, a plaintiff then has ninety days to file suit in federal court. (ECF No. 1-1.) Weatherall attached to her complaint her

5

EEOC right to sue letter, issued on January 16, 2020. (*Id.*) Accordingly, her suit was timely filed in this court.

Although Weatherall alleged in her complaint that she is constantly supervised, had to do a lot of work by herself, and that she has been called "a stupid black nigga," she has not alleged that any adverse employment action was taken against her. However, the court construes her complaint as at least alleging that she was subject to a hostile work environment. *See* 42 U.S.C. § 2000e-2(a)(1); *Porter v. Erie Foods Intern., Inc.*, 576 F.3d 629, 634 (7th Cir. 2009) ("The Supreme Court has held that harassment which is 'sufficiently severe or pervasive to alter the conditions of … employment' is actionable under Title VII." (citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S., 57, 67 (1986) (quotation marks omitted)). Construed in this manner, the court finds the complaint satisfies the low standard necessary to proceed under 28 U.S.C. § 1915.

Weatherall also twice mentions the age or experience of her co-workers. Weatherall states, "When I went to supervisor and reported he said the lady has been working there for a while that was harassing me. He said she should not be cause he the supervisor." (ECF No. 1 at 2 (reprinted as original).) Weatherall further alleges, "Thrown objects was going across me, just a lot of angry people towards me and I did a good job. Didn't really get a reason why, but to look over them they are old." (*Id.* at 3 (reprinted as original).) However, the court does not construe either of these statements as stating a claim for age discrimination.

## 2. Motion to Appoint Counsel

Weatherall also filed a letter stating, "I Felicia Janice Weatherall, will like to have a lawyer for my case." (ECF No. 4 (reprinted as original).)

Unlike persons facing criminal charges, civil litigants do not have a constitutional or statutory right to appointed counsel. *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014); *Santiago v. Walls*, 599 F.3d 749, 752 n.1 (7th Cir. 2010). Courts lack the authority to "appoint" an attorney to represent a civil litigant. *Santiago*, 599 F.3d at 752 n.1; *see also Mallard v. U.S. Dist. Court for S. Dist.*, 490 U.S. 297, 307 (1989). Instead, a court may merely "request an attorney to represent" a person who is unable to afford counsel. 18 U.S.C. § 1915(e)(1). Moreover, the court lacks funds to compensate an attorney for time spent representing an indigent civil litigant. Thus, although often referred to as "appointing" an attorney, this is just convenient shorthand. *Santiago*, 599 F.3d at 752 n.1. In reality, this court's role is limited to attempting to recruit a volunteer who is willing to accept a case free of charge.

Deciding whether to attempt to recruit a volunteer attorney "is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Henderson*, 755 F.3d at 564 (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Thus, the court is forced to limit its recruitment of volunteer attorneys to those litigants who need counsel the most. *Id.*

In determining whether it is appropriate to attempt to recruit a volunteer attorney to represent an indigent, the first question the court must consider is whether the litigant has made reasonable attempts to secure private counsel on her own. *Romanelli v. Suliene*, 615 F.3d 847, 849 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). Once this threshold burden has been met, the court considers the information it has about the plaintiff and the case and determines whether it appears that the case is so difficult that the plaintiff would be unable to adequately litigate it. *Henderson*, 755 F.3d at 565. A lack of legal knowledge or even general educational deficits, standing alone, are not sufficient to merit the recruitment of counsel, for the former is true of nearly all and the latter true of many pro se litigants. *Pruitt*, 503 F.3d at 660, 663. It is also not enough that a lawyer might do a better job handling a case. Rather, the question is whether the case is so complex that a person of the plaintiff's abilities would be unable to coherently present the case to a judge or a jury. *Henderson*, 755 F.3d at 565.

Weatherall did not indicate that she has contacted any lawyers to represent her in this case. Absent any information that she has made appropriate efforts to obtain counsel on her own, the court will deny her motion without prejudice.

To the extent that Weatherall seeks information as to how she may obtain an attorney, the Clerk shall provide her with a copy of this court's Answers to Pro Se Litigants' Common Questions, which includes general information regarding the availability of legal assistance.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 4) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants. Even though the plaintiff has been permitted to proceed in forma pauperis in this case, the plaintiff is still responsible for the cost of serving the complaint on the defendants. The plaintiff is advised that Congress requires the Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services. 28 C.F.R. § 0.114(a)(2), (a)(3).

**IT IS FURTHER ORDERED** that the all of the plaintiff's filings with the court shall be mailed to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

The plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that failure to comply with all deadlines in this matter may have serious consequences which may include the loss of certain rights or the dismissal of this entire action.

In addition, the plaintiff must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 31st day of January, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge